The People of Puerto Rico, Plaintiff and Appellee, *v.* Luis Blanco González, Defendant and Appellant.

Nos. 13295 and 13296. Argued June 11, 1948.—Decided June 15, 1948.

*Ramón G. Goyco* for appellant. *Luis Negrón Fernández, Attorney General,* and *J. Rivera Barreras, Prosecuting Attorney,* for appellee.

Mr. Justice Marrero delivered the opinion of the Court.

The defendant has appealed from the judgments rendered by the District Court of Ponce, whereby he was sentenced to one month in jail and to pay a fine of $50 for the offenses of carrying a weapon and violating the Registration of Firearms Act. He contends that that court erred in sentencing him for failing to register a Harrington & Richardson revolver, No. 191664, since upon said revolver being offered in evidence by the district attorney, the court denied and rejected its admission; and also in weighing the evidence in both cases.

 In view of those assignments, we deem it opportune to make a brief recital of the evidence, which is, in short as follows: Olegario Rosa was asleep at about 10 or 10:15· in the evening and upon awakening he noticed that he was wounded but he did not know who had wounded him. Roque Colón was in his house and heard some shots. He awakened and saw that two dogs which he had in the yard barked at the defendant, and that the latter took a white revolver and fired some shots at them. The defendant resides in Guayama Street, Santa Isabel. Afterward he saw the policeman Martínez pick up a revolver in a cane field. Domingo Rivera and Gregorio Almodóvar heard the shots but they did not know who fired them. Alfonso Rosa is the father of the injured person and noticed in a wall of his house the hole made by the impact of the bullet. Carlos Guadalupe is Chief of the Insular Police of Santa Isabel; he heard the shots and saw the policeman Armando Martínez bring the defendant under arrest; he noticed that the latter's right hand smelled of gun powder; a 38-caliber nickel-plated revolver, of the Harrington & Richardson make, was delivered to him and he examined the Registry of Firearms pertaining to the aforesaid municipality and noticed that Blanco González had no weapon registered in his name. Rafael Burgos Rivera was Justice of the Peace of Santa Isabel at· the time of the occurrence and stated that he did not know anything about the facts of this case. Such was the evidence for the prosecution. That of the defendant consisted in the testimony of Roque Colón and Alfonso Rosa, who had already testified as witnesses for the prosecution. The first witness stated that he was at police headquarters on the night of the occurrence, and that Alfonso Rosa was also there, but that he had not told the latter who had wounded Olegario. The second witness testified that he had taken his child to the hosspital and upon returning Roque Colón told.him that one Bueso had shot at his dogs, and that the defendant is known as Bueso.

The court weighed the evidence introduced and found that both offenses had been proved. The fact that the weapon was not admitted in evidence did not preclude the defendant from being sentenced for carrying a weapon, if as a result of the evidence introduced the court reached the conclusion that the appellant illegally carried it. *People v. De Jesús,* 65 P.R.R. 877. Concerning the violation of the Registration of Firearms Act, the circumstance that one of the witnesses for the prosecution referred to a revolver of a certain make and that, due to the fact that it had not been duly identified, the lower court did not admit it in evidence, is immaterial. The appellant was being prosecuted for possessing a revolver without having declared it at any time to the Chief of the Insular Police of Santa Isabel, the town where he resided. In the information nothing is stated as to the make or the number of the revolver, it being, therefore, unnecessary to prove those particulars.

The case of *People v. Piñero, ante,* p. 565, involved a violation of the Registration of Firearms Act. The pistol, for the illegal carrying and non-registration of which the defendant was prosecuted, was not seized, and, therefore, not offered in evidence. There was conflict in the evidence and the lower court resolved it. This Court stated in the course of its opinion that "upon the conflict being resolved by the lower court in the manner stated there were established the possession of the firearm, and the nonregistration,. . ." In *People v. Martínez,* 67 P.R.R. 804, there was also involved the nonregistration of a pistol. It was held that the gist of the offense was the possession of the weapon and the failure to declare it in writing to the Chief of the Police of the municipality where the defendant resided, and that when there is a *prima facie* possession of an unregistered firearm, the judgment should not be reversed, especially where the evidence for the defendant is not accorded credit by the lower court. Consequently, it was not indispensable that the revolver be introduced and admitted in evidence in order that

the lower court could find the defendant guilty of the offenses of carrying a weapon and of violating the Registration of Firearms Act.

On the other hand, the residence of the defendant in the town of Santa Isabel and the fact that he had not registered any firearm in that municipality were fully proved. Both are essential elements of the offense of nonregistration of firearms. *People* v. *Bosch,* 66 P.R.R. 896; *People* v. *Alvarado,* 63 P.R.R. 623, and cases cited therein.

The weighing of the evidence always rests in the sound discretion of the trial court. That court is in a better position than we are to judge of the credit that should be accorded to each of the witnesses introduced. The district court acted correctly in weighing the evidence and making the finding it did. We should not, therefore, disturb such weighing or finding. *People* v. *Santos,* 67 P.R.R. 610, and *People* v. *Martínez, supra.*

Since the errors assigned are nonexistent, the judgments appealed from should be affirmed.

Mr. Justice De Jesús did not participate herein.